UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SKYTYAN, INC., et al.,

    Plaintiffs,

    v.

ABOUTGOLF LIMITED, et al.,

    Defendants.
_____/

No. C 10-3899 PJH

**ORDER**

On January 26, 2011, the court heard argument on defendants' motion to dismiss the Lanham Act claim alleged in the above-entitled action, and to decline to exercise jurisdiction over the remaining state law claims, and/or to dismiss certain defendants for lack of personal jurisdiction, or in the alternative, to transfer the case to the Northern District of Ohio for the convenience of parties and witnesses.

Plaintiffs Skytyan, Inc. ("Skytyan") and Philip Chang appeared by their counsel Robert Ives and Robert Jaret. Defendants AboutGolf, Limited ("AboutGolf"), Chuck Faust, and Eric Foos appeared by their counsel Mark White and Nicholas Gorga. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows and for the reasons stated at the hearing.

The motion to dismiss the ninth cause of action for conspiracy to violate § 43 of the Lanham Act, which is the sole federal claim pled in the first amended complaint, is

1  GRANTED.  As AboutGolf's licensee, Skytyan cannot sue AboutGolf for false designation
2  of origin.  While it is true that a licensee may bring a claim of false advertising against its
3  licensor, see Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., 277 F.3d 253, 259-
4  60 (2nd Cir. 2002), the court is not persuaded by Skytyan's argument that the basis of its
5  Lanham Act claim is false and misleading advertising.

6  In the ninth cause of action, Skytyan alleges that AboutGolf

> willfully conspired and colluded with other persons and entities, by false and misleading descriptions and representations of fact, to create both within and outside the Territory, confusion and mistake, and to deceive third parties as to the . . . origin, sponsorship, and approval of its goods, services, and commercial activities by another person.  Such false, misleading, and deceptive facts included statements and activities that confused, misstated, and mislead [sic] [p]laintiffs, their subdistributors, their business associates, their customers, and the public at large regarding the authorized source of [AboutGolf] products and regarding what person or entity possessed the exclusive authority to distribute and sell [AboutGolf] products within the Territory. [AboutGolf] did so by improperly permitting third parties to promote, distribute and sell [AboutGolf] products within the Territory at a time when [Skytyan] was the exclusive representative and sole authorized distributor of [AboutGolf] products in the Territory.

15  FAC ¶ 151.

16  There is no suggestion in the ninth cause of action (or anywhere in the facts alleged
17  in the 63-page first amended complaint) that AboutGolf made a false statement in a
18  commercial advertisement about its own or another's product, as is required for a claim of
19  false advertising under § 43 of the Lanham Act.  See Southland Sod Farms v. Stover Seed
20  Co., 108 F.3d 1134, 1139 (9th Cir. 1997).  Rather, the ninth cause of action alleges that
21  AboutGolf conspired with others to make false statements about the authorized source of
22  AboutGolf products, and about which person or entity was authorized to distribute and sell
23  those products.  This is not a false advertising claim, and the decision in Twentieth Century
24  Fox does not support Skytyan's position.

25  Having dismissed the sole federal claim alleged in this action, the court declines to
26  exercise supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C.
27  § 1367(c)(3).  Accordingly, the action is DISMISSED, without prejudice to refiling in state
28  court.

The motion to dismiss for lack of personal jurisdiction and the alternative motion to transfer are DENIED as moot.

**IT IS SO ORDERED.**

Dated: February 11, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge